IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY N. CARR, SR.,                    :
on behalf of himself and all others    :
similarly situated,                     :
                              :
     Plaintiff,                :
                             :     Civil Action File No.
v.                            :
                             :     _____
CAPITAL ONE BANK (USA), N.A., a   :
National Banking Association,      :
                             :
     Defendant.             :
_____:

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    This is an action by the Plaintiff, Jeffrey N. Carr, Sr., on behalf of himself and others similarly situated, against Capital One Bank (USA), N.A. for actual and punitive damages and such equitable and declaratory relief as is necessary to enforce the requirements of the Equal Credit Opportunity Act ("ECOA") with respect to the requirement that Capital One Bank (USA), N.A. provide written adverse action notices containing the *specific reasons* for the adverse action taken when taking such adverse action with respect to a credit transaction. 15 U.S.C. § 1691(d).

2.      In addition, Plaintiff, Jeffrey N. Carr, Sr., on behalf of himself and all others similarly situated, brings this action against Capital One Bank (USA), N.A. for breach of contract and violations of the Georgia Fair Business Practices Act for unilaterally closing credit card accounts in bad faith without providing the consumer the factual basis for such action including the source of any information which Capital One Bank (USA), N.A. may be relying.

## PARTIES AND PERSONAL JURISDICTION

3.      Plaintiff is a natural person who resides in Georgia and is authorized by law to bring this action.

4.      Defendant, CAPITAL ONE BANK (USA), N.A. ("Capital One"), is a national banking association located in Virginia.

5.      Capital One issues consumer credit cards to persons throughout the United States, including the State of Georgia.

6.      In the course of its business, Defendant accepted an application for a credit card from Plaintiff, a Georgia resident, issued Plaintiff such credit card, and then subsequently closed such credit card without providing Plaintiff a specific statement of reasons, including the source of the information, for closing such card. Such conduct forms the basis of this Complaint.

7.      Capital One[1] maintains its only place of business within the United States at 4851 Cox Road, Glen Allen, Virginia, 23060 and may be served upon any authorized agent or officer at such business.

8.      Defendant is subject to the jurisdiction of this court.

9.      Capital One does not maintain a place of business in Georgia.

10.     Capital One does not keep its assets in Georgia.

11.     All conditions precedent to this action have been complied with.

## SUBJECT MATTER JURISDICTION

12.     In enacting the ECOA, Congress found "that there is a need to insure that the various financial institutions and other firms engaged in the extensions of credit exercise their responsibility to make credit available with fairness, impartiality, and without discrimination[.]" ECOA, 88 Stat. 1521, note to 15 U.S.C. § 1691.

13.     In enacting the ECOA, Congress found "[e]conomic stabilization would be enhanced [by] the informed use of credit which Congress has heretofore sought to promote."

14.     The adverse action requirements of 15 U.S.C. § 1691(d) further such Congressional purposes by ensuring that credit is made available with fairness,

---

[1] Reference to Capital One in this Complaint refers only to the Defendant, Capital One Bank (USA), N.A., and not to any other entities which may be affiliated by common ownership.

impartiality, and without discrimination, and that consumers are informed and educated in their use of credit.

15.    "In 1976, Congress amended the ECOA to include a provision requiring creditors to provide applicants with written notice of *the specific reasons* why an adverse action was taken in regards to their credit. *See* 15 U.S.C. § 1691(d)(2)-(3)" *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016).

16.    "The Senate report accompanying the 1976 amendment indicates that in addition to further discouraging discriminatory practices, the notice requirement is intended to provide consumers with a 'valuable educational benefit' and to allow for the correction of possible errors '[i]n those cases where the creditor may have acted on misinformation or inadequate information.'" *Id.* at 576-77 *citing* S. Rep. No. 94-589, at 4 (1976).

17.    By refusing to provide Plaintiff and members of the putative class the specific reasons for adverse action, Capital One has denied them of their private statutory right to receive such information, of the educational benefit of such information, and the ability to engage in the informed use of credit.

18.    In addition, by refusing to provide Plaintiff and members of the putative class the specific reasons for adverse action, including the source of such information, Capital One has denied them of their due process right to correct possible errors.

19.    For these reasons and those articulated in the facts below, Plaintiff and members of the putative class have suffered concrete and particularized injuries that are fairly traceable to Capital One's conduct.  Such injuries may be redressed in the form of damages and equitable relief as sought herein.

20.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's Equal Credit Opportunity Act claim because it arises under federal law, 15 U.S.C. § 1691 et seq.

21.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's state law claims because they are so related to the ECOA claim that they form part of the same case of controversy under Article III of the United States Constitution.

## STATEMENT OF FACTS

22.    Plaintiff applied for and was issued a credit card from Capital One with an account number ending in 0524 ("account").

23.    Plaintiff is therefore an applicant as defined by the ECOA and Regulation B.

24.    Plaintiff subsequently used such credit card and thereby entered into a contract with Capital One. *See Hill v. American Express*, 289 Ga. App. 576 (2008) (the issuance and use of a credit card constitute a written contract).

25.     On September 1, 2020, Capital One sent a letter informing Plaintiff that it was closing the account.

26.     The September 1, 2020 letter did not provide a specific statement of reasons for why Capital One was closing the account.

27.     The September 1, 2020 letter did not provide Plaintiff with a notice of the right to a statement of the reasons for closing the account, or the identity of the person or office from which such statement may be obtained.

28.     The only reason for closing the account provided by Capital One was that "Capital One has discovered past or present legal action involving an individual or entity associated with the account. Unfortunately, it can't be reopened, and we are not able to offer additional information about this decision."

29.     The statement provided by Capital One was false.

30.     Moreover, the statement provided by Capital One was not sufficiently specific to inform Plaintiff of what the problem was.

31.     Capital One did not base its decision on any past or present legal action involving Plaintiff or any "individual or entity" associated with the account.

32.     Despite what the letter said, Capital One *was* able to offer additional information about its decision to close the account.  It was simply unwilling to do so.

33.     Plaintiff was confused as to why his account was closed.

34.     Plaintiff had an outstanding balance at the time and was not in default on the terms or payment.

35.     The closing of his account negatively affected Plaintiff's debt-to-credit ratios which are used in prevalent scoring models such as FICO.

36.     Plaintiff did not understand what "past or present legal action" Capital One could be referring to.

37.     Plaintiff wondered whether such action supposedly involved himself, someone else, Capital One, or some other entity.

38.     Plaintiff wanted to know the source of the information that Capital One relied on.

39.     Capital One's mysterious and unilateral termination of Plaintiff's existing credit also caused Plaintiff worry and concern about his ability to obtain credit in the future.  Without knowing what information Capital One relied upon or the source of any such information, Plaintiff was – and still is – unable to fix or correct such information. As a result, Plaintiff fears that other accounts might be

terminated or he will be denied other credit when he applies on the basis of such information.

40.    Despite the letter's admonition that such efforts would be futile, Plaintiff spent time calling Capital One seeking to reopen the account and discover the reasons for the account being closed, including the source of the information Capital One relied upon.

41.    When Plaintiff called Capital One, he was told orally that Capital One had determined that Plaintiff was a party to criminal proceedings for sex trafficking and possession of a firearm during the commission of a felony, or similar offenses.

42.    Plaintiff is not and has not been subject to such proceedings.

43.    Plaintiff informed Capital One that this is not true and requested that they reopen the account. Capital One responded that it believed such information to be true, would not reopen the account, and would not provide any additional information.

44.    Plaintiff has reviewed his credit reports and other sources seeking to find the source of such misinformation so he could clear his name, but has been unable to find any such information attributable to him from any sources from which he has searched.

45.     Capital One still refuses to provide any specific information regarding the reasons for closing the account or refusing to reopen it, including the following: A) The Court(s) and case style where any such proceedings are allegedly pending; and B) the source of the information Capital One relied upon.

46.     Plaintiff requested that Capital One provide the source of the information it relied upon so that Plaintiff could clear up his name but Capital One has consistently refused.

47.     Plaintiff was substantially harmed and damaged by Capital One's improper handling of his account. The account was closed without providing justifiable reasons, and without permitting Plaintiff sufficient information to fix whatever incorrect information Capital One relied upon.

## CLASS ALLEGATIONS

48.     This action is brought on behalf of a class defined as (1) all persons in the United States 2) who applied for a consumer credit card from Capital One, 3) where such application was either denied or was granted then closed, and 4) who Capital One sent a letter stating "Capital One has discovered past or present legal action involving an individual or entity associated with the account. Unfortunately, it can't be reopened, and we are not able to offer additional information about this decision." (5) Excluded from the class are persons who were delinquent or otherwise in default.

49.     Plaintiff alleges a subclass of such persons with a billing address in the State of Georgia.

50.     The exact size of the class is information within the exclusive knowledge of the Defendant.

51.     The class is so numerous that joinder of all members is impractical.

52.     The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the use of a generic form letter which lacks any specificity as required by ECOA and Capital One's status as one of the largest volume issuers of consumer credit cards in the United States.

53.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

   A. Whether Capital One is a creditor as defined by ECOA;

   B. Whether Plaintiff and putative class members are applicants as defined by ECOA;

   C. Whether Capital One's letter provided a specific statement of reasons for its adverse action;

   D. Whether Capital One breached the terms of the credit card agreement, including but not limited to the covenants of good

faith and fair dealing, when it unilaterally terminated such

accounts without providing a specific statement of reasons and

prohibited consumers from challenging the information upon

which Capital One relied;

E.  Whether Capital One's conduct as alleged herein constitutes

unfair and deceptive acts or practices within the meaning of the

Fair Business Practices Act; and

F.  The amount of damages and form of injunctive relief, if any,

should be awarded.

54.    A The claims of the Plaintiff are typical of those of the class

members.  All are based on the same facts and legal theories.

55.    Plaintiff will fairly and adequately protect the interests of the class.

He has retained counsel experienced in handling consumer class actions.

Neither Plaintiff nor his counsel have any interests which might cause them not

to vigorously pursue this action.

56.    Certification of the class under Rule 23 is appropriate in that:

a.      The questions of law or fact common to the members of the

class predominate over any questions affecting an individual member;

b.      A class action is superior to other available methods for the

fair and efficient adjudication of the controversy. Class treatment will

11

permit a large number of similarly situated persons to prosecute their

common claims relating to Defendant's refusal to provide the specific

reasons for adverse actions efficiently, and without the duplication of

effort and expense that numerous individual lawsuits would entail.

Absent a class action, many members of the class will likely not obtain

or even attempt to obtain relief, whether because they are unaware of

their right to relief from the harm caused by Defendant's illegal

practices, due to the prohibitive time and monetary cost inherent in

individual litigation, or otherwise.

57.    Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for

his claims of monetary damages.

58.    Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for

his claims for equitable relief.

## CAUSE OF ACTION

## COUNT ONE: EQUAL CREDIT OPPORTUNITY ACT

59.    The acts of Defendant constitute violations of the Equal Credit

Opportunity Act and Regulation B.

60.    The ECOA defines adverse action as "a denial or revocation of

credit, a change in terms of an existing credit arrangement, or a refusal to grant

credit in substantially the amount or on substantially the terms requested."

12

61.     The ECOA requires that "[e]ach applicant against whom adverse action is taken shall be entitled to a Statement of Reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2).

62.     "A statement of reasons meets the requirements of this subsection only if it contains the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3).

63.     Capital One failed to and in fact expressly refused to provide the specific reasons for the adverse action of revoking and refusing to extend credit as alleged herein.

64.     As a result of Defendant's actions in violation of the ECOA, plaintiff and members of the putative class were substantially harmed, and are entitled to an award of actual damages.  Such damages naturally accrue from the revocation of existing accounts and the resulting impacts on credit scores.

65.     The amounts of such damages may be uniformly established by common evidence and/or expert testimony.

66.     As a result of Defendant's actions in violation of the ECOA, plaintiff and members of the putative class are entitled to an award of punitive damages of up to $10,000 per class member not to exceed a total aggregate recovery of $500,000 in punitive damages under ECOA, or whatever damages the Court or jury finds just and proper.

67.     Capital One is a "too big to fail" bank with massive resources such that its most recently reported total bank equity capital exceeds $18 billion.

68.     Capital One knows of and is familiar with its obligations to inform applicants of adverse action, yet it expressly refused to do so.

69.     Capital One made a business decision to refuse to comply with ECOA as to Plaintiff and the class as described herein, because noncompliance was cheaper and otherwise more advantageous for Capital One, even though its noncompliance ran to the substantial detriment of Plaintiff and the class.

70.     The resources of Capital One, along with the nature and persistence of its refusals, justifies the maximum award of punitive damages.

71.     Pursuant to 15 U.S.C. § 1691e(c), Plaintiff requests, on behalf of himself and the putative class, that this Court grant equitable relief in the form of requiring Capital One to provide a specific statement of reasons for its adverse actions, including but not limited to a description of the *actual* reasons for the adverse action, as well as the source(s) of the information Capital One relied upon.

72.     Plaintiff requests an award of costs and a reasonable attorneys' fee pursuant to 15 U.S.C. § 1691e(d).

## COUNT TWO: BREACH OF CONTRACT

73.     When Capital One issues an applicant a credit card and the

applicant then uses such card, it creates a contract between Capital One and the

cardholder.

74.     The terms of use of the credit card agreement with Capital One and

its cardholders provides that Capital One "may close or suspend your Account at

any time and for any reason permitted by law, even if you are not in default."

75.     Like all provisions in a contract, this provision includes implied

covenants of good faith and fair dealing.

76.     Capital One has refused to provide the reason for closing the

account which would be necessary to determine if such reason was permitted by

law.

77.     It is not permitted by law for Capital One to close an account

without providing a statement of reasons, including the source of the

information relied upon.

78.     It is not permitted by law for Capital One to close an account

without providing notice of the consumer's right to a statement of reasons,

including the source of the information relied upon.

79.     By closing accounts without providing a specific statement of

reasons, including the source of the information relief upon, Capital One has

breached the terms of its credit agreement including the implied covenants of good faith and fair dealing.

80.    Plaintiff requests, on behalf of himself and the putative class, actual damages the amounts of which damages may be uniformly established by expert testimony and/or common evidence.

81.    In addition or in the alternative, Plaintiff requests, on behalf of himself and the putative class, nominal damages which naturally accrue from the breach of contract.

82.    The award of damages cannot fully compensate Plaintiff and class members for Capital One's breach. Plaintiff requests, on behalf of himself and the putative class, specific performance of the contract in the form of Capital One reopening such accounts or providing the specific reasons for the adverse actions, including the source of the information relied upon.

83.    Capital One has acted in bad faith in breaching the contract and refusing to provide the specific reasons for closing the accounts, including the source of the information relied upon.  Accordingly, Plaintiff, on behalf of himself and the putative class, requests an award of the expenses of litigation, including a reasonable attorneys fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT THREE: FAIR BUSINESS PRACTICES ACT
### (Georgia subclass only)

84.    Plaintiff, and members of the putative class, engaged in consumer transactions when applying for and entering into credit card agreements with Capital One.

85.    Capital One closed existing consumer credit card accounts of Plaintiff and the putative class without explanation in the form of a specific statement of reasons and expressly refused to provide the source of the information it relied upon in making its decisions.

86.    "The consumer credit industry is one of the largest financial sectors of the U.S. economy and heavily impacts the market place by affecting the general public's ability to obtain goods and services. Misrepresenting consumers' financial indebtedness to others or falsely reporting consumers' credit histories has a potential adverse affect on the consumer marketplace and the economy in general." *1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457 (2007).

87.    Capital Ones actions constitute unfair and deceptive acts or practices in the conduct of consumer transactions in violation of O.C.G.A. § 10-1-393.

88.    Capital One does not maintain a place of business in Georgia.

89.    Capital One does not keep assets in Georgia.

90.    Plaintiff requests, on behalf of himself and the putative class, actual

damages the amounts of which damages may be uniformly established by expert testimony and/or common evidence.

91.    Capital One's violations of the Fair Business Practices Act in this action were intentional and in bad faith.  Not only did it not provide a specific statement of reasons, it expressly refused to provide any information that plaintiff or putative class members could use to determine the information Capital One relied upon and correct it.

92.    Plaintiff requests, on behalf of himself and the putative class, an award of exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

93.    Plaintiff requests, on behalf of himself and the putative class, an award of treble damages pursuant to O.C.G.A. § 10-1-399(c).

94.    Plaintiff requests, on behalf of himself and the putative class, equitable relief in the form of Capital One reopening such accounts or providing the specific reasons for the adverse actions, including the source of the information relied upon.

95.    Plaintiff, on behalf of himself and the putative class, requests an award of the expenses of litigation, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 10-1-399(d).

## JURY TRIAL DEMAND

96.     Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

97.     Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, letters, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the events described herein, any third party associated with any such events, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A.     Certification of this matter to proceed as a class action;

B.     That Plaintiff and the class be awarded actual, nominal, general, treble, exemplary, and punitive damages as requested herein;

C.    The Capital One be Ordered to provide the Plaintiff and the class of the specific reasons for its adverse action, including the source of the information, or to reinstate such accounts instanter;

D.    That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

E.    That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:    /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       kskaar@skaarandfeagle.com
       133 Mirramont Lake Drive
       Woodstock, GA 30189
       Tel:    (770) 427-5600
       Fax:    (404) 601-1855

       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       Cliff R. Dorsen
       Georgia Bar No. 149254
       cdorsen@skaarandfeagle.com
       2374 Main Street, Suite B
       Tucker, GA 30084
       Tel:    (404) 373-1970

Alexander H. Burke, *pro hac vice* forthcoming

**BURKE LAW OFFICES, LLC**
909 Davis Street, Suite 500
Evanston, IL 60201
(312) 729-5288
ABurke@BurkeLawLLC.com